# Third District Court of Appeal

## State of Florida

Opinion filed April 29, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0438
Lower Tribunal No. 25-19608-CA-01
_____

**District Board of Trustees of Miami Dade College**,
Petitioner,

vs.

**Marvin Dunn,**
Respondent.

Case of Original Jurisdiction – Prohibition.

James Uthmeier, Attorney General, and David Dewhirst, Solicitor General, and Jason J. Muehlhoff, Chief Deputy Solicitor General and Casey J. Witte, Solicitor General Fellow (Tallahassee); Continental PLLC, and Jesus M. Suarez, and Carmen M. Cartaya; Office of Legal Affairs Miami Dade College, and Javier A. Ley-Soto, for petitioner.

Rivero Mestre LLP, and Andres Rivero; and The Brodsky Law Firm, and Richard E. Brodsky, for respondent.

Before FERNANDEZ, LOGUE and GORDO, JJ.

PER CURIAM.

The District Board of Trustees of Miami Dade College seeks a writ of prohibition preventing the trial judge from conducting further proceedings in its case. "A motion to recuse or disqualify a trial judge is legally sufficient when the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial." Valdes-Fauli v. Valdes-Fauli, 903 So. 2d 214, 216 (Fla. 3d DCA 2005). A review of the verified motion to disqualify demonstrates that it is legally sufficient to create in a reasonably prudent person a well-founded fear that they would not receive a fair hearing before the judge. See Tundidor v. State, 361 So. 3d 775, 778 (Fla. 2023) ("We conclude that the combination of certain circumstances contained in the allegations . . . would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial proceeding. . . . [namely] the hugging . . . in the court room while still wearing a robe [] at the conclusion of the . . . case, and the personal exchange . . . in which the judge commiserated with [the opposing party]."). Accordingly, we grant the petition.

Petition granted.